# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARMANDO C. ROSALES III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 3533 |
| | ) |
| UNIFUND CCR PARTNERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Armando C. Rosales III's ("Rosales") motion for class certification. For the reasons stated below, we deny the motion for class certification.

## BACKGROUND

Rosales alleges that Defendant Unifund CCR Partners ("Unifund") is engaged in the business of collecting "charged-off debts" owed by consumers. (A. Compl. Par. 8). Defendant Credit Card Receivables Fund, Inc. and Defendant ZB Limited Partnership are allegedly general partners of Unifund and are thus liable for Unifund's conduct. (A. Compl. Par. 17-18). Unifund allegedly pays only a minimal

1

amount to purchase "charged-off debts" and does not "acquire documentation for each of the accounts, including in particular account agreements signed by the putative debtors." (A. Comp. Par. 14). Rosales claims that in April 2008, Unifund brought an action against Rosales in Illinois state court ("State Action") "for the purpose of collecting three purported credit card debts incurred for personal, family or household purposes." (A. Comp. Par. 21). Unifund allegedly presented certain affidavits in the State Action, but the alleged declarants lacked the personal knowledge to support the affidavits. Rosales brought the instant action and includes in the complaint claims alleging that Unifund used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.* (Counts I and II). Rosales now requests that the court certify a class in this action.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(a) ("Rule 23(a)"), "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the

claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). A court may certify a class if the requirements of Rule 23(a) are met and one of the requirements of Federal Rule of Civil Procedure 23(b) ("Rule 23(b)") are met. Fed. R. Civ. P. 23(b); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)(stating that a "district court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)-numerosity, commonality, typicality, and adequacy of representation-and any one of the conditions of Rule 23(b)"); *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002)(stating that "a determination of the propriety of class certification should not turn on likelihood of success on the merits").

## DISCUSSION

Rosales argues that all of the requirements for Rule 23(a) are met in this case. (Mem. Cert. 8). Rosales also contends that the requirement in Rule 23(b)(3) is met. (Mem. Cert. 8). Rosales seeks certification of a class that includes the following individuals: "(a) all individuals (b) against whom legal proceedings were filed in Illinois by or on behalf of Unifund, (c) in which was filed (d) on or after June 19,

3

2007 (one year prior to the filing of this action), and on or before July 9, 2008 (20 days after the filing of this action) (e) an affidavit executed by Kim Kenney." (A. Compl. Par. 40).

I. Rule 23(a) Requirements

Rosales argues that all of the requirements for Rule 23(a) are met in the instant action.

### A. Numerosity, Typicality, and Adequacy of Representation

Defendants have not contested in this case that the numerosity, typicality, and adequacy of representation requirements of Rule 23(a) are met. (Ans. 1-14). Rosales indicates that Defendants have filed at least 980 complaints in the Circuit Court of Cook County since January 1, 2008, and the defendants in those cases would be potential class members. (Mem. Cert. 8). We conclude that the numerosity requirement is met. *See Pruitt v. City of Chicago, Illinois*, 472 F.3d 925, 926 (7th Cir. 2006)(stating that "[s]ometimes 'even' 40 plaintiffs would be unmanageable"). In regard to the typicality requirement, Rosales has shown that all of the putative class members were allegedly subjected to the same alleged unlawful policy of Defendants and would be pursuing the same legal claims. We conclude that Rosales

has shown that the typicality requirement is met. *See Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)(stating that a "'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory'")(quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Rosales has also shown that his counsel is qualified to be a class representative and that counsel does not have any conflicts with the putative class members. Thus, we conclude that the numerosity, typicality, and adequacy of representation requirements of Rule 23(a) are satisfied in this case.

B. Commonality

Rosales contends that the commonality requirement is met in the instant action. To meet the commonality requirement, a plaintiff must establish that there is at least "'[a] common nucleus of operative fact'" among the putative class members. *Keele*, 149 F.3d at 595 (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Defendants argue that there are no common facts among putative class members because each claim is based upon an independent factual inquiry. The premise of Rosales' claims in this case is that Defendants brought actions against debtors to collect credit card debts and Defendants attached to the complaints in such

5

cases several versions of form affidavits signed by Kim Kenney ("Kenney"), the media supervisor of Unifund. (A. Compl. Par. 23). In the affidavits, Kenney allegedly claimed to have personal knowledge about the information in the affidavits. (A. Compl. Par. 24, 26, 28). Rosales contends that Kenney actually merely looked briefly at information provided to her on a computer screen by third parties and, under the law, Kenney did not conduct the necessary inquiry to have personal knowledge and did not comply with the FDCPA. (A. Compl. Par. 30); (Reply 2-4). However, Rosales has not shown that the same procedure was followed by Kenney for all of the affidavits in the putative class members' cases. Thus, for each putative class member there could be factual distinctions regarding which information Kenney actually obtained from written records and which information Kenney read off a computer screen. Also, the level of personal knowledge on the part of Kenney is potentially an abstract variable that could be different for each putative class member's claim. The facts that Unifund has brought actions against the putative plaintiffs and affidavits were attached to documents in all such proceedings by Kenney are not sufficient to satisfy the commonality requirement. Such facts are not the basis of Rosales' claims. The basis of this action is Kenney's alleged verification of the data in the affidavits. In regards to such conduct, Rosales has not shown that there is necessarily any common fact to all putative class members. Thus, Rosales

has not shown any "standardized conduct towards members of the proposed class," that could support the commonality requirement. *Keele*, 149 F.3d at 594. Thus, Rosales has not shown that the commonality requirement is met in the instant action.

II. Rule 23(b) Requirement

Defendants also argue that even if the Rule 23(a) requirements were met, Rosales cannot meet any requirement under Rule 23(b). Rosales argues that, in this case, the requirement in Rule 23(b)(3) is met that provides that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining whether the requirement in Rule 23(b)(3) is met, a court should consider: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Defendants argue that the common questions of fact among putative class

7

members do not predominate in the instant action. According to Defendants, each putative class member's claims will have a separate factual inquiry into the knowledge of Kenney as to that particular class member's information. Defendants also cite *Foreman v. PRA III, LLC*, WL 704478 (N.D. Ill. 2007), arguing that the case had "very similar allegations" as the instant action and a motion for class certification was denied. (Ans. 12). In *Foreman*, the plaintiff based his FDCPA claims on improper filing of affidavits without personal knowledge of the facts listed therein, as in the instant action. *Id.* at *1. The court in *Foreman* concluded that there were individual inquiries necessary for each putative plaintiff's claims regarding personal knowledge and that the common issues did not predominate over the individual issues. *Id.* at *12-13. The court in *Foreman* noted that it was not clear based on the record whether the individual who signed the affidavits on occasion actually reviewed records as opposed to merely looking at a computer screen. *Id.* at *13.

Similarly, in the instant action, the record does not show with any clarity that Kenney verified every fact for every affidavit at issue for the putative class members on a computer screen. Although Kenney provided information as to how she normally reviews affidavits, she did not state unequivocally that there were not instances when she obtained verification from other sources. (Kenney Dep. 7-11).

8

In addition, as Rosales admits, the affidavits at issue are not all the same and contain different language, which creates more potential risks for individual factual disputes. (Mem. Cert. 1). Thus, for a class action, there would need to be an individualized inquiry for each putative class member regarding Kenney's recollection as to the sources for her verification of the financial information. There could also be a need for an individual inquiry for each putative class member regarding the level of Kenney's personal knowledge as to the financial information in the affidavit at issue. Such distinctions would make the individual inquiries the main component of this action and thus would render a class action an inefficient manner in which to resolve such disputes. We thus conclude that the questions of law or fact common to putative class members do not predominate over any questions affecting only individual members, and that a class action would not be superior to other available methods for fairly and efficiently adjudicating the controversy in this case. Therefore, based on the above, we deny Rosales' motion for class certification.

## CONCLUSION

Based on the foregoing analysis, we deny Rosales' motion for class certification.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 19, 2008