# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARMANDO C. ROSALES III, | ) |
| Plaintiff, | ) |
| v. | ) No. 08 C 3533 |
| UNIFUND CCR PARTNERS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss and dismiss the remaining state law claims without prejudice.

## BACKGROUND

Plaintiff Armando C. Rosales III ("Rosales") alleges that Defendant Unifund CCR Partners ("Unifund") is engaged in the business of collecting "charged-off debts" owed by consumers. (A. Compl. Par. 8). Defendant Credit Card Receivables Fund, Inc. and Defendant ZB Limited Partnership are allegedly general partners of Unifund. (A. Compl. Par. 17-18). Unifund allegedly pays only a minimal amount to purchase "charged-off debts" and does not "acquire documentation for each of the

1

accounts, including in particular account agreements signed by the putative debtors."
(A. Comp. Par. 14). Rosales claims that in April 2008, Unifund brought an action against Rosales in Illinois state court ("State Action") "for the purpose of collecting three purported credit card debts incurred for personal, family or household purposes." (A. Comp. Par. 21). Unifund allegedly presented certain affidavits in the State Action, but the alleged declarants lacked the personal knowledge to support the affidavits. Rosales brought the instant action and includes in the complaint claims alleging that Unifund used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.* (Count I), and claims alleging violations of the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.* (Count II). Defendants now move to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High*

2

*Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

**DISCUSSION**

I. FDCPA Claims (Count I)

Defendants move to dismiss the FDCPA claims. Defendants argue that the FDCPA was not intended to govern state court pleading requirements, and therefore, Rosales' attempt to portray the instant action as a FDCPA action is improper and this case should be dismissed. The premise of Rosales' case is that Unifund has a policy in regard to the affidavits that it attaches to its complaints in state court actions and that the policy does not comply with the FDCPA. Rosales claims that allegedly false allegations of personal knowledge in the affidavits submitted by Kim Kenney ("Kenney Affidavits"), the media supervisor of Unifund, violated 15 U.S.C. § 1692e of the FDCPA, which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Debt collectors are prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Defendants argue that Rosales' assertion that the Kenney Affidavits are deficient due to Kenney's lack of personal knowledge is, at best, an argument on the part of Rosales that the affidavits are procedurally defective rather than containing false statements about debt and involve state law evidentiary issues. (Mem. Dis. 3); (Reply 2). Rosales maintains that Kenney's allegation of personal knowledge is false and that false statements in state pleadings can constitute violations of the FDCPA.

(Ans. 7). Neither side has pointed to any controlling precedent on point that addresses the issue of whether submitting an affidavit without personal knowledge in a state court case is a state procedural deficiency or a potentially false representation that is actionable under the FDCPA.

Unifund points to *Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139 (N.D. Ill. 2008), in which the district court held that failure to attach an assignment to a state court complaint was a violation of the ICAA, not the FDCPA. *Id.* at *2; (Mem. Dis. 3). The Court in *North Star* concluded that the plaintiff's claim was "premised on an alleged violation of Illinois state pleading requirements and the FDCPA w[ould] not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure." *Id.* The Court in *North Star* also noted that "[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation." *Id.* Similarly, in the instant action, the alleged deficiencies in the Kenney Affidavits submitted in the state court proceedings relate to state court pleading requirements rather than the overarching policy concerns behind the FDCPA. *See Carlson v. First Revenue Assur.*, 359 F.3d 1015, 1018 (8th Cir. 2004)(stating that "[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation"); *King v. Resurgence Financial, LLC*, 08 C 3306 (November 3, 2008 minute order)(J. St. Eve). Thus, Rosales' concerns regarding the propriety of

5

the Kenney Affidavits attached to state court pleadings are state concerns and can be addressed by the state courts. Under the federal notice pleading standard, in order to ascertain the claim pled, the court must look to the allegations in the complaint rather than the labels of the causes of action in the complaint. *See, e.g., Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Rosales has not pled a FDCPA claim merely by listing the act in the complaint and calling her claim a "FDCPA - Class Claim." (A. Compl. 5). *See Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)(stating that "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim"). *See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007)(stating that the FDCPA is not "an enforcement mechanism for other rules of state and federal law"). Therefore, we grant Defendants' motion to dismiss the FDCPA claim.

II. Remaining State Law Claims (Count II)

Since the only remaining claims in this action are state law claims, we must determine whether we will retain jurisdiction over the remaining claims. Rosales alleges in the amended complaint that the court has supplemental jurisdiction over the state law claims. (A. Compl. Par. 5). Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all

federal-law claims are dismissed before trial," the pendent claims should be left to the state courts).  The Seventh Circuit has stated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction" and that a court may retain jurisdiction where a statute of limitations would bar future suits, where "substantial federal judicial resources have already been expended on the resolution of the supplemental claims," and "where it is obvious how the claims should be decided." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).  We have considered all of the pertinent factors and, as a matter of discretion, we decline to exercise supplemental jurisdiction over the remaining state law claims.  Therefore, we dismiss the remaining state law ICAA claims (Count II) without prejudice.

We also note that we previously denied Rosales' motion for class certification and that Rosales has filed a motion for reconsideration of that ruling.  In light of the above ruling, we deny the motion for reconsideration as moot.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the FDCPA claims and we decline to exercise jurisdiction over the remaining state law ICAA claims and dismiss the ICAA claims without prejudice. We also deny Rosales' motion for reconsideration as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: December 5, 2008